SOLOMON MARX AND ELIZA GUGGENHEIMER, RESPONDENTS, v. CHARLES JONES, APPELLANT, IMPLEADED WITH BERNARD SPAULDING AND OTHERS.

*Release of one of several joint debtors — Code of Civil Procedure, sec. 1942.*

Brennan, Jones and Spaulding entered into a joint undertaking to erect six buildings, and contracted, in so doing, an obligation to one Gussow, payment of which was secured by six mortgages, four of which were executed by Spaulding and two by Brennan. These mortgages were subsequently foreclosed and judgments for deficiency were entered against the defendants in each action. In the four actions brought upon the mortgages executed by Spaulding, Brennan was not made a party, nor was Spaulding made a party to those executed by Brennan, but Jones was made a party to all of the actions.

After the judgments were entered the partnership was dissolved, and thereafter Brennan made a compromise with Gussow and the latter executed and delivered a written instrument, acknowledging the receipt of a sum named in full for the release of two judgments against Brennan, and reciting that the settlement was in full as to Brennan alone.

*Held,* that an application by Jones to have the judgments recovered against him discharged, upon the ground that the release given to Brennan relieved him, Jones, from liability thereunder, was properly denied.

APPEAL from an order made at the Special Term, denying a motion made on behalf of the appellant Jones, that certain judgments recovered against him be vacated.

*Alex. Thain,* for the appellant.

*S. Untermeyer,* for the respondents.

DAVIS, P. J.:

The motion in this case was made upon the alleged ground that Brennan, Jones and one Spaulding were copartners, and that the judgment recovered against Brennan and Jones were upon copartnership transactions. Brennan had compromised the two judgments against him and Jones by paying and securing $5,500, on doing which a receipt was given him which reads as follows :

"Received, New York, January 23, 1885, from Michael Brennan, certified check for one thousand dollars and a bond and mortgage executed by Margaret A. and Michael Brennan to Randolph Guggenheimer and Solomon Marx for the sum of forty-five hundred dollars, being in full for the release of two judgments against Michael Brennan, amounting to $11,460.

"And I hereby agree to deliver said release, executed by both parties, by January twenty-fourth, at twelve o'clock.

"RANDOLPH GUGGENHEIMER."

"This settlement to be in full as to Michael Brennan for any interest owned by the parties hereto in the contract with William Gussow as to M. Brennan alone.

"*January,* 23, 1885.         "R. GUGGENHEIMER,
                                        "*Attorney.*"

Whether any other instrument or any formal release was delivered, does not appear by the papers.

Brennan, Jones and one Spaulding had entered into a joint undertaking to erect six buildings upon certain lands covered by mortgage and to share the losses and profits equally. They were not copartners generally, but were jointly interested as such in this single undertaking. Spaulding, Brennan and Jones contracted an obligation to Gussow in the course of erecting the said buildings, to secure which Brennan executed two mortgages to Gussow, and Spaulding executed four mortgages to Gussow. These mortgages were afterwards foreclosed by separate actions upon each. In the four actions upon the mortgages executed by Spaulding, Brennan

was not made a party, and in the two actions upon the mortgages executed by Brennan, Spaulding was not made a party, but in all of the suits Jones was made a party. In each of the actions judgment for deficiency was rendered against Spaulding and Jones, or Brennan and Jones, as they respectively were parties thereto. The copartnership had been dissolved by mutual consent before Brennan compromised for his liability upon the two judgments obtained against him.

It is claimed on the part of the appellant Jones that the fact of the compromise and execution of the receipt or release, as it is called in the papers, is to discharge him from all obligation upon the several judgments, and he asks for an order carrying that claim into effect by discharging the judgment as to him.

By section 1942 of the Code of Civil Procedure it is provided that "a joint debtor may make a separate composition with his creditor as prescribed in this section. Such a composition discharges the debtor making it and him only. The creditor must execute to the compounding debtor a release of the indebtedness, or other instrument exonerating him therefrom. A member of a partnership cannot thus compound for a partnership debt until the partnership has been dissolved by consent or otherwise. In that case the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership. An instrument specified in this section does not impair the creditor's right of action against any other joint debtor or his right to take any proceeding against the latter, unless an intent to release or exonerate him appears affirmatively upon the face thereof."

The copartnership having been dissolved, no reason is apparent why this section is not applicable to this case. The Code permits joint debtors to compound separately in all cases except where a partnership exists not dissolved by consent or otherwise. It does not require a strict common-law release, but is satisfied by any instrument which exonerates the compounding debtor alone from his liability. It was held in *Morgan* v. *Smith* (70 N. Y., 537), before the enactment of this section, that a release by parol (which is any release not under seal) of one joint debtor would not discharge the other, and could be pleaded only by the one to whom it was given. In this case there was no attempt by Brennan to

compromise anything except the judgments which were against himself and Jones, and it seems to have been distinctly understood that the release was to affect his liability only. Of course it would operate to diminish Jones' liability to the extent of Brennan's portion of the indebtedness. But upon the facts as they appeared, and on the law as it is now established by the Code and by the authority above cited, we see no ground upon which it can be claimed that Jones by the transaction in respect to this judgment was discharged from any liability upon any of the several judgments against him.

We think the order was right and should be affirmed, with ten dollars costs and disbursements.

Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.